UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HANMI BANK,<br><br>            Plaintiff,<br>  v.<br><br>GYE HWA LEE; JOHN DOE LEE; STAR FOOD MART INC; JANE DOE OCCUPANT; JOHN DOE OCCUPANT; and OTHER UNKOWN OCCUPANTS,<br><br>            Defendants. | NO: 1:16-CV-3139-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand. ECF No. 4. The Court has reviewed the motion, the supporting declaration (ECF No. 4-1), the notice of removal (ECF No. 1), and is fully informed.

Defendants, who removed the action to federal court, did not file a response to Plaintiff's motion.

**BACKGROUND**

Hanmi Bank brought an unlawful detainer action against the above identified Defendants, in the Yakima County Superior Court under R.C.W.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

61.24.60. ECF No. 1-2 at 3-5. Defendants were served the summons and complaint on May 11, 2016. ECF No. 4-1 at 4. On July 18, 2016, Defendants filed a notice of removal to this Court, citing diversity jurisdiction and federal question jurisdiction as grounds for removal. ECF No. 1.

## ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A civil defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. However, there is a strong presumption against removal jurisdiction, and the defendant bears the burden of proving that removal jurisdiction exists. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The Court resolves all ambiguity in favor of remand to state court. *Id*.

A notice of removal of a civil action or proceeding must be filed by a defendant within thirty days "after the receipt of the defendant, through service or otherwise, or a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Plaintiff has moved to remand this matter to Yakima County Superior Court on the grounds that (1) Defendants' removal was untimely and (2) this Court lacks subject matter jurisdiction over the matter. ECF No. 4 at 3-4.

Under 28 U.S.C. § 1446(b)(1), Plaintiff's notice of removal is untimely. Defendant was served with the Amended Summons and the Complaint for

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

Unlawful Detainer on May 11, 2016. ECF No. 4-1 at 4. Therefore, Defendants' July 18, 2016 notice of removal was filed well after the thirty days allowed by statute. However, even if the Court were to disregard the untimeliness of the notice of removal, lack of subject matter jurisdiction supports remand of this matter to state court.

In the notice of removal, Defendants allege that removal is based on both diversity jurisdiction and federal question jurisdiction. ECF No. 1 at 1. For the district court to have original jurisdiction in civil matters under diversity jurisdiction, there must be diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names are disregarded and removal may not occur if a properly joined and served defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

In the notice of removal, Defendants allege that Gye Hwa Lee is a Washington State resident, Plaintiff Hanmi Bank does business in the State of California, and the amount in controversy exceeds $250,000. ECF No. 1 at 2. Additionally, Star Food Mart, Inc., is identified as a Washington corporation. *Id.* at 1. The remaining defendants in the action are identified under fictitious names and, therefore, the citizenship of these defendants are disregarded. Gye Hwa Lee admits to being a citizen of the State of Washington, and Star Food Mart, Inc.,

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 3

admits to being a Washington corporation, and the action was brought in the State of Washington. Therefore, diversity jurisdiction fails under 28 U.S.C. § 1441(b)(2).

The Defendants also allege the existence of federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1 at 1. However, the notice of removal fails to cite any violation of the Constitution, federal laws, or federal treaties. *See* 28 U.S.C. § 1331. The cover sheet accompanying the notice of removal identified the U.S. statute under which the case was being filed as "Title 42 Section 1983." ECF No. 1-1. However, the notice of removal fails to provide any statement alleging that 42 U.S.C. § 1983 (Civil action for deprivation of rights) is relevant in the proceedings. *See* 28 U.S.C. § 1446(a) (the notice of removal must contain "a short and plain statement of the grounds for removal"); *see also Redwood Theaters, Inc. v. Festival Enterpriesies, Inc.*, 908 F.2d 477 (9th Cir. 1990) ("removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint").

Defendants have not met their burden of showing that federal subject matter jurisdiction exists to support the notice of removal to this Court. Therefore, this Court remands the matter to state court on the findings that the notice of removal was untimely and that this Court does not have subject matter jurisdiction to consider the case.

/ / /

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand, **ECF No. 4**, is **GRANTED**.

2. This matter is **REMANDED** to the Yakima County Superior Court.

The District Court Clerk is directed to enter this Order, provide a copy to counsel for Plaintiff and to all Defendants, as well as a certified copy of this Order to the Clerk of the Yakima County Superior Court and **close this case**.

**DATED** this 15th day of September 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 5